# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM SALAS RAMIREZ,<br><br>    Petitioner,<br><br>    v.<br><br>KEN CLARK,<br><br>    Respondent.<br>_____ / | 1:07-cv-01896 LJO DLB HC<br><br>ORDER REGARDING PETITION FOR WRIT OF HABEAS CORPUS, GRANTING PETITIONER LEAVE TO FILE AMENDED PETITION<br><br>[Doc. 1] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on December 28, 2007.

## DISCUSSION

Rule 2 of the "Rules Governing Section 2254 Cases" provide that the petition:

" . . . shall specify all the grounds for relief which are available to the petitioner and of which he has or by the exercise of reasonable diligence should have knowledge and Shall set forth in summary form the facts supporting each of the grounds thus specified."

Rule 2(c), 28 U.S.C. § 2254. Additionally, the Advisory Committee Note to these rules explains that: " '(N)otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.' " 28 U.S.C. § 2254, p. 1111; *Quoted approvingly in* Blackledge v. Allison, 431 U.S. 63, 75 n.7, 97 S.Ct. 1621 (1977). In addition, Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition

1

for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petition is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In the instant petition, Petitioner contends that: (1) the California Board of Parole Hearing violated his Fifth and Fourteenth Amendment rights when he was denied parole for five years based on his commitment offense; (2) he has been denied section 2933 good-time credits in violation of the Ex Post Facto Clause; and (3) the Board violated his right against double jeopardy by denying parole for five years.

It appears that Petitioner is seeking to challenge the denial of parole. However, Petitioner has also raised an Ex Posto Facto Clause challenge to the calculation of his good-time credits. Petitioner is advised that he may not challenge different decisions in a single petition; he must challenge one decision per habeas petition. For instance, if Petitioner is seeking to challenge the his denial of parole and the calculation of his good-time credits, he must file *two* separate petitions. Separate petitions are required because exhaustion, venue, procedural default issues, statute of limitations, mootness concerns, and remedies are different for each decision. The court will grant Petitioner leave to determine which decision he wishes to challenge in the instant petition.

Based on the foregoing, it is HEREBY ORDERED that:

1. Petitioner is GRANTED thirty (30) days from the date of service of this Order to

SUBMIT an AMENDED PETITION that clearly indicates which single decision he intends to challenge in the instant petition and provide a brief statement of each claim and the supporting facts. The amended petition should be clearly and boldly titled "AMENDED PETITION," contain the appropriate case number, and be an original signed under penalty of perjury;

2. The Clerk of Court is DIRECTED to send Petitioner a blank form petition for petitioners filing pursuant to 28 U.S.C. § 2254; and,

3. Petitioner is forewarned that his failure to comply with this order may result in a Recommendation that the petition be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

Dated:   **March 13, 2008**                        **/s/ Dennis L. Beck**
                                                                UNITED STATES MAGISTRATE JUDGE