# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM SALAS RAMIREZ, | 1:07-cv-01896 LJO DLB HC |
| Petitioner, | ORDER DENYING RESPONDENT'S MOTION TO STAY PROCEEDINGS |
| v. | [Doc. 14] |
| KEN CLARK, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on December 28, 2007, and an amended petition on April 7, 2008. (Court Docs. 1, 7.) On April 11, 2008, the Court directed Respondent to file a response to the amended petition. (Court Doc. 8.) On May 28, 2008, Respondent filed a motion for stay of the proceedings pending the Ninth Circuit's en banc review in Hayward v. Marshall, 512 F.3d 536 (9th Cir.2008), *reh'g en banc granted*, ___ F.3d ___, 2008 WL 2131400, No. 06-55392 (9th Cir. May 16, 2008).

**DISCUSSION**

As Respondent notes, the Ninth Circuit has acknowledged that this Court "may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." Leyva v. Certified Grocers of California Ltd., 593 F.2d 857, 863 (9th Cir.1979). However, the Ninth Circuit has also determined that "once a federal circuit court issues a decision, the district courts within that circuit are bound to follow it and have no authority to await a ruling by the

Supreme Court before applying the circuit court's decision as binding authority." Yong v. Immigration and Naturalization Service, 208 F.3d 1116, 1119 n. 2 (9th Cir.2000). In addition, "habeas proceedings implicate special considerations that place unique limits on a district court's authority to stay a case in the interests of judicial economy." Yong, 208 F.3d at 1120. "Special solicitude is required because the writ is intended to be a 'swift and imperative remedy in all cases of illegal restraint or confinement.'" Id., *quoting* Fay v. Noia, 372 U.S. 391, 400 (1963). In Yong, the Ninth Circuit addressed an analogous situation where the district court issued a stay pending a decision from the Supreme Court. The Ninth Circuit found that although considerations of judicial economy are appropriate, they cannot justify an indefinite and potentially lengthy stay of a habeas proceeding. Id. at 1120-21. Consequently, the Ninth Circuit ruled the district court abused its discretion in granting a stay.

In this case Respondent asks the Court to stay the proceedings pending a decision in Hayward. Like Yong, such a stay would be lengthy. As well, this is a habeas proceeding and therefore implicates special considerations that limit the Court's authority to issue a stay. But more importantly, there is ample binding precedent from the Ninth Circuit other than Hayward which bear on the issues in the petition. See Superintendent v. Hill, 472 U.S. 445, 457 (1985); Biggs v. Terhune, 334 F.3d 910, 914 (9th Cir.2003); Sass v. California Board of Prison Terms, 461 F.3d 1123, 1127-28 (9th Cir.2006); Irons v. Carey, 505 F.3d 846, 851 (9th Cir.2007). Pursuant to Yong, this Court has no authority to await a further ruling from the Ninth Circuit before applying these binding precedents. 208 F.3d at 1119 n. 2.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1. Respondent's motion for stay is DENIED; and,
2. All dates currently set in this action shall remain pending subject to further order of the Court.

IT IS SO ORDERED.

Dated:   **June 4, 2008**            /s/ **Dennis L. Beck**
                                     UNITED STATES MAGISTRATE JUDGE